UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IN RE:                                                                )<br>)<br>WAYNE MANDVILLE SMEDLEY, and        )<br>BRENDA L. SMEDLEY,                                 )<br>)<br>    Debtors.                                                 )<br>)<br>GERARD R. VETTER,                                  )<br>United States Trustee For Region Four,      )<br>)<br>    Movant,                                                  )<br>)<br>v.                                                                       )<br>)<br>)<br>WAYNE MANDVILLE SMEDLEY, and        )<br>BRENDA L. SMEDLEY,                                 )<br>)<br>    Respondents.                                         ) | Chapter 7<br>Case Number 23-50357 |

**MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER: (i) DIRECTING THE DEBTORS TO BE EXAMINED AND PRODUCE, TO THE EXTENT SUCH DOCUMENTS ARE IN THEIR POSSESSION, CUSTODY, OR CONTROL, CERTAIN DOCUMENTS IN CONNECTION WITH THE EXAMINATION; AND (ii) AUTHORIZING THE UNITED STATES TRUSTEE TO SUBPOENA DOCUMENTS IN CONNECTION WITH THE EXAMINATION**

Gerard R. Vetter, Acting United States Trustee for Region Four (the "**United States Trustee**"), by counsel, moves the Court pursuant, among other things, to §§ 105(a), 307, and 727 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of the proposed order attached as <u>Exhibit 1</u>: (i) directing Wayne Mandville Smedley ("**Mr. Smedley**") and Brenda L. Smedley ("**Mrs. Smedley**") (collectively, Mr. Smedley and Mrs. Smedley are the "**Debtors**") to be examined and produce, to the extent such documents are in their possession, custody, or control, certain documents in connection with the examination; and (ii)

1

authorizing the United States Trustee subpoena documents from Reliance First Capital, LLC ("**Reliance**").[1] In support of this motion, the United States Trustee respectfully states as follows:

*General Background*

1. The United States Trustee is a Department of Justice official charged with, among other things, supervising bankruptcy case administration. 28 U.S.C. § 586(a)(3). United States Trustees "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 95-595, at 88 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6049; *In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1986). The United States Trustee is authorized to file a complaint objecting to the Debtors' receipt of a discharge. 11 U.S.C. § 727(c)(1).

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtors are individuals who filed a petition for relief under chapter 7 of the Bankruptcy Code on July 26, 2023.

6. The Debtors filed schedules and statements in connection with their bankruptcy case. The petition, schedules, and statements [Docket No. 1] filed by or on behalf of the Debtors are incorporated by reference.

7. The Debtors' chapter 7 trustee conducted the first meeting of creditors on September 6, 2023, and the deadline for objections to the Debtors' receipt of a chapter 7 discharge

---

[1] Unless expressly defined otherwise, words and phrases used in this motion have the meanings given to them in the Bankruptcy Code.

is November 6, 2023. Contemporaneous with the filing of this motion, a motion to extend the deadline for the United States Trustee to object to the Debtors receiving a discharge is being filed and the allegations in that motion are incorporated by reference.

8. On Schedule A/B, the Debtors valued their interest in 315 Overlook View Drive, Front Royal, Virginia 22630 (the "**Property**") as $280,000.00.

9. On Schedule C, the Debtors asserted the following exemptions relating to the Property:

| Property | Value | Exemption | Statute |
|---|---|---|---|
| 315 Overlook View Drive Front Royal, VA 22630 Warren County Residence: single family ranch house — Line from Schedule A/B: 1.1 | $280,000.00 | $50,000.00 / 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-4 |
| 315 Overlook View Drive Front Royal, VA 22630 Warren County Residence: single family ranch house — Line from Schedule A/B: 1.1 | $280,000.00 | $33,357.10 / 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. §§ 55.1-136, 55.1-202 |
| 315 Overlook View Drive Front Royal, VA 22630 Warren County Residence: single family ranch house — Line from Schedule A/B: 1.1 | $280,000.00 | $1.00 / 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-4 |

10. On Schedule D, the Debtors scheduled Reliance as holding a $196,642.50 claim secured by the Property.

11. The Debtors scheduled a number of joint creditors on, for example, Schedule E/F.

12. The tax assessed value of the Property is $378,100.00.

13. Certain commercial websites estimate the value of the Property in excess of the tax assessed value.[2]

---

[2] By way of example and not in limitation, Zillow estimates the value of the Property at $438,700.00, available at https://www.zillow.com/homedetails/315-Overlook-View-Dr-Front-Royal-VA-22630/79313876_zpid/ (last accessed October 2, 2023), and Realtor.com estimates the value at $439,969.00, available at https://www.realtor.com/realestateandhomes-detail/315-Overlook-View-Dr_Front-Royal_VA_22630_M58125-27233 (last accessed October 2, 2023).

3

14. At the meeting of creditors conducted in this case, the Debtors' chapter 7 trustee asked when the Property had last been appraised. In response, Mr. Smedley testified that the Property had been appraised over a year before the petition date in connection with a possible refinance with Reliance. Mr. Smedley testified he thought the Property had appraised for around $360,000.00. Mr. Smedley also expressed doubt regarding whether the Debtors could produce a copy of the appraisal, and he indicated that Reliance took the credit application over the phone.

15. The Debtors answered question number 27 on their Statement of Financial Affairs as follows:

> 27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?
> ☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
> ☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
> ☐ A partner in a partnership
> ☐ An officer, director, or managing executive of a corporation
> ☐ An owner of at least 5% of the voting or equity securities of a corporation
> ■ No. None of the above applies. Go to Part 12.
> ☐ Yes. Check all that apply above and fill in the details below for each business.
>
> | Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br>Dates business existed |

16. The Debtors attached a Schedule C to their federal income tax return and claimed a $6,674.00 loss associated with operating a sole proprietorship.

17. The Debtors did not disclose any business-related property in Part 5 of Schedule A/B or disclose the disposition of any business-related property in response to question 18 of their Statement of Financial Affairs.

*Basis For Relief*

18. The Bankruptcy Rules provide, "[o]n motion of any party in interest, the court may order the examination of any entity," Fed. R. Bankr. P. 2004(a), and the production of documents may be compelled. Fed. R. Bank. P. 2004(c). The Court "on terms as it may impose order the

4

debtor to be examined under this rule at any time or place it designates[.]" Fed. R. Bank. P. 2004(d).

19. An order authorizing a Rule 2004 examination may be entered ex parte. *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).

20. The scope of Rule 2004 includes obtaining information on, among other things:

> acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Fed. R. Bankr. P. 2004(b).

21. The United States Trustee desires to obtain documents from the Debtors and conduct an examination of the Debtors under Fed. R. Bankr. P. 2004. By way of example and not in limitation, the United States Trustee desires to examine the Debtors concerning: the accuracy of the Debtors' statements under penalty of perjury; property in which the Debtors held a legal or equitable interest on the petition date or disposed of after two years prior to the petition date; any business operated by one or more of the Debtors and the income and expenses of such business; the Debtors' valuation of their house; information known to the Debtors concerning the valuation of their house; income and sources of income of the Debtors; the identity of the Debtors' creditors and the Debtors' dealings with and in relation to creditors; and other matters within the purview of Rule 2004. In connection with the examination, the Debtors should be ordered as a term of the examination to produce, to the extent they are in the possession, custody, or control of the Debtors, the following documents to the United States Trustee at least seven days prior to the examination:

> a. for the period of time after July 26, 2021, documents comprising, constituting, discussing, or referencing personal financial statements provided by the Debtor(s) to any entity. As used herein, "**documents**" includes electronically stored information and means and includes each and every thing the production of which may be requested under Federal Rule of Civil Procedure 34, as incorporated into Federal Rule of Bankruptcy

Procedure 7034. "Documents" includes, but is not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations. The term "documents" includes originals and all copies that are in any way not identical to the original. Further, as used herein, "**Debtor(s)**" means Mr. Smedley and Mrs. Smedley, individually or jointly;

b. for the period of time after January 1, 2021, documents comprising, constituting, or discussing financial statements (e.g. income statements, balance sheets, and cash flow statements) for any business owned or operated by the Debtor(s);

c. for the period of time after January 1, 2021, documents comprising, constituting, or discussing applications for insurance on the Property;

d. for the period of time after January 1, 2021, documents comprising, constituting, or discussing declaration pages for any insurance policy covering the Property or contents in the Property;

e. for the period of time after January 1, 2021, documents comprising, constituting, or discussing notices of tax assessments regarding the Property;

f. for the period of time after January 1, 2021, documents comprising, constituting, or discussing tax assessments regarding the Property;

g. for the period of time after January 1, 2021, documents comprising, constituting, or discussing any business license application regarding any business owned or operated by the Debtor(s);

h. for the period of time after January 1, 2021, documents comprising, constituting, or discussing Warren County, Virginia Personal Property Form 762-B (business personal property tax return) for any business owned or operated by the Debtor(s);

i. for the period of time after January 1, 2021, documents comprising, constituting, or discussing business personal property taxes assessed by Warren County, Virginia on property used in any business owned or operated by the Debtor(s);

j. for the period of time after January 1, 2020, and with respect to applications for any loan greater than $10,000.00, documents comprising, constituting, discussing, or referencing any application for a loan made by the Debtor(s);

k. documents comprising, constituting, discussing, or referencing any appraisal of the Property completed after January 1, 2020;

l. for the period of time after January 1, 2023, all financial account statements for any account in which the Debtor(s) had or have an interest whether individually, jointly, or otherwise. As used herein, "financial account" includes, but is not limited to, bank accounts, retirement accounts, stock accounts, and any other type of account in which cash or cash equivalents are held;

m. for the period of time after January 1, 2021, documents comprising or constituting annual escrow account statements related to the loan secured by the Property;

    n. documents comprising or constituting the deed(s) transferring the Property to the Debtor(s);

    o. for the period of time after January 1, 2023, documents comprising or constituting communications between the Debtor(s) and any entity other than agents of Washington Global Law Group, PLLC if the communications discuss or reference the value or a valuation of the Property; and

    p. and for the period of time after January 1, 2023, and prior to September 6, 2023, documents comprising or constituting estimates, contracts, or invoices for repairs or maintenance of the Property, which repairs or maintenance costs exceed or exceeded $1,000.00.

28. The United States Trustee desires to obtain documents from Reliance. By way of example and not in limitation, the United States Trustee desires to subpoena from Reliance documents such as, but not limited to, any credit application made by the Debtors after January 1, 2020, any appraisal of the Property completed after January 1, 2020, and communications between Reliance and the Debtors discussing or referencing the value of the Property or amount of insurance required to be carried on the Property.

29. Cause exists to enter the attached proposed order so that the United States Trustee may perform his statutory duties and determine whether to oppose the entry of a discharge in this case.

WHEREFORE, Gerard R. Vetter, by counsel, respectfully requests this Court enter the proposed order attached as <u>Exhibit 1</u>.

Date: October 3, 2023        Respectfully submitted,
                                  United States Trustee
                                  By: <u>/s/ W. Joel Charboneau</u>
                                  Trial Attorney for the United States Trustee

W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2699
joel.charboneau@usdoj.gov
Trial Attorney for the United States Trustee

## **NOTICE OF HEARING**

Please take notice that **unless an order is entered prior to the hearing**, a hearing on the foregoing motion will be held on **October 19, 2023, at 10:00 a.m**. in the United States Bankruptcy Court for the Western District of Virginia **via Zoom (https://vawb-uscourtsgov.zoomgov.com/j/1603692643. The Zoom Meeting ID is: 160 369 2643).**

Certificate of Service

I certify that on October 3, 2023, I caused the foregoing to be electronically filed in the United States Bankruptcy Court for the Western District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case. On this same date, I caused copies to be mailed by First Class mail to:

Wayne Mandville Smedley
315 Overlook View Drive
Front Royal, Virginia 22630

Brenda L. Smedley
315 Overlook View Drive
Front Royal, Virginia 22630

By: /s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2699
joel.charboneau@usdoj.gov
Trial Attorney for the United States Trustee

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WAYNE MANDVILLE SMEDLEY, and | ) | Chapter 7 |
| BRENDA L. SMEDLEY, | ) | Case Number 23-50357 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| GERARD R. VETTER, | ) | |
| United States Trustee For Region Four, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| WAYNE MANDVILLE SMEDLEY, and | ) | |
| BRENDA L. SMEDLEY, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER: AUTHORIZING EXAMINATIONS OF THE DEBTORS; DIRECTING THE DEBTORS TO APPEAR TO BE EXAMINED AND PRODUCE, TO THE EXTENT SUCH DOCUMENTS ARE IN THEIR POSSESSION, CUSTODY, OR CONTROL, CERTAIN DOCUMENTS IN CONNECTION WITH THE EXAMINATIONS; AND AUTHORIZING THE UNITED STATES TRUSTEE TO SUBPOENA DOCUMENTS FROM RELIANCE FIRST CAPITAL, LLC**

The matter before the Court is the *Motion Of The United States Trustee For An Order: (i) Directing The Debtors To Be Examined And Produce, To The Extent Such Documents Are In Their Possession, Custody, Or Control, Certain Documents In Connection With The Examination; And (ii) Authorizing The United States Trustee To Subpoena Documents In Connection With The Examination* (the "**Motion**"). Having reviewed the Motion and it appearing proper to do so, it is

ORDERED

that:

1. the Motion is GRANTED;

2. the words and phrases used in this Order shall having the meanings given to them in the Motion;

3. the Debtors are directed to appear on a mutually agreeable date within 49 days of the entry of this Order and be examined under oath pursuant to Fed. R. Bankr. P. 2004, which examination may be conducted by remote means (e.g. Zoom Video, Microsoft Teams, Skype, telephone);

4. the United States Trustee is authorized to subpoena documents from Reliance in connection with the examinations of the Debtors and

5. in connection with the examination, to the extent such documents are in the possession, custody, or control of the Debtors, the Debtors shall produce the following documents to the United States Trustee at least seven days prior to the examination:

    a. for the period of time after July 26, 2021, documents comprising, constituting, discussing, or referencing personal financial statements provided by the Debtor(s) to any entity;
    b. for the period of time after January 1, 2021, documents comprising, constituting, or discussing financial statements (e.g. income statements, balance sheets, and cash flow statements) for any business owned or operated by the Debtor(s);

c. for the period of time after January 1, 2021, documents comprising, constituting, or discussing applications for insurance on the Property;
d. for the period of time after January 1, 2021, documents comprising, constituting, or discussing declaration pages for any insurance policy covering the Property or contents in the Property;
e. for the period of time after January 1, 2021, documents comprising, constituting, or discussing notices of tax assessments regarding the Property;
f. for the period of time after January 1, 2021, documents comprising, constituting, or discussing tax assessments regarding the Property;
g. for the period of time after January 1, 2021, documents comprising, constituting, or discussing any business license application regarding any business owned or operated by the Debtor(s);
h. for the period of time after January 1, 2021, documents comprising, constituting, or discussing Warren County, Virginia Personal Property Form 762-B (business personal property tax return) for any business owned or operated by the Debtor(s);
i. for the period of time after January 1, 2021, documents comprising, constituting, or discussing business personal property taxes assessed by Warren County, Virginia on property used in any business owned or operated by the Debtor(s);
j. for the period of time after January 1, 2020, and with respect to applications for any loan greater than $10,000.00, documents comprising, constituting, discussing, or referencing any application for a loan made by the Debtor(s);
k. documents comprising, constituting, discussing, or referencing any appraisal of the Property completed after January 1, 2020;
l. for the period of time after January 1, 2023, all financial account statements for any account in which the Debtor(s) had or have an interest whether individually, jointly, or otherwise;
m. for the period of time after January 1, 2021, documents comprising or constituting annual escrow account statements related to the loan secured by the Property;
n. documents comprising or constituting the deed(s) transferring the Property to the Debtor(s);
o. for the period of time after January 1, 2023, documents comprising or constituting communications between the Debtor(s) and any entity other than agents of Washington Global Law Group, PLLC if the communications discuss or reference the value or a valuation of the Property; and
p. and for the period of time after January 1, 2023, and prior to September 6, 2023, documents comprising or constituting estimates, contracts, or invoices for repairs or maintenance of the Property, which repairs or maintenance costs exceed or exceeded $1,000.00.

*** END OF ORDER ***

PRESENTED BY:
By: /s/ W. Joel Charboneau
W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2699
joel.charboneau@usdoj.gov
Trial Attorney for the United States Trustee

SEEN:
Wayne and Brenda Smedley
By: /s/
Kermit A. Rosenberg (VSB #14975)
1701 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
Counsel for the Debtors